# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

______Nashville____ Division

RECEIVED
in Clerk's Office
DEC 20 2021
U.S. District Court
Middle District of TN

Brewer

Plaintiff(s)

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

C/o Turner R.M.S.I. et al Tony Mays
Cpl. Barber Tony Parker

Defendant(s)

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case No. 3:21-cv-00808

*(to be filled in by the Clerk's Office)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Barry Brewer

All other names by which you have been known: 

ID Number: 401831

Current Institution: Riverbend Maximum Security Institution

Address: 7475 Cockrill Bend Blvd.

Nashville (*City*) TN (*State*) 37243 (*Zip Code*)

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: Mr. Turner (No one will give their first name

Job or Title *(if known)*: Correctional Officer

Shield Number: 

Employer: Tony Mays, Warden - TDOC

Address: 7475 Cockrill Bend Blvd

Nashville (*City*) TN (*State*) 37243 (*Zip Code*)

☑ Individual capacity ☑ Official capacity

Defendant No. 2

Name: Mr Barber (No one will give their first name)

Job or Title *(if known)*: Corpal

Shield Number: 

Employer: Tony Mays, Warden - TDOC

Address: 7475 Cockrill Bend Blvd

Nashville (*City*) TN (*State*) 37243 (*Zip Code*)

☑ Individual capacity ☑ Official capacity

Defendant No. 3

| | |
|---|---|
| Name | Tony Mays |
| Job or Title *(if known)* | Warden |
| Shield Number | |
| Employer | Tony Parker - Commissioner - TDOC |
| Address | 7475 Cockrill Bend Blvd. |
| | Nashville (City) TN (State) 37243 (Zip Code) |

☑ Individual capacity ☑ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | Tony Parker |
| Job or Title *(if known)* | Commissioner |
| Shield Number | |
| Employer | |
| Address | 6th Fl. Rachel Jackson Bldg. 320 Sixth Ave. North |
| | Nashville (City) TN (State) 37243 (Zip Code) |

☑ Individual capacity ☑ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Right to adequate medical and mental health service

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Failed to provide me with medical and mental health services

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* ______

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

Riverbend Maximum Security Institution 6/16/21 & 6/22/21

C. What date and approximate time did the events giving rise to your claim(s) occur?

6/16/21 approx. between 9:00am-1:00p.m & 6/22/21 approx. 8:32pm

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

(1st) I tried to kill myself by cutting my wrist 5 time in front of C/O Turner, which he laughed and walked away, not reporting it. (2nd) I was having suicidal thoughts and requested for Cpl. Barber to contact mental health, but he didn't. He blatantly did not get me any help.

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Severe cuts on my wrists

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

I am requesting $80,000 - $175,000, or $75,000 with time served on my sentence of 9 years. I have approximately 4 years left on it. The defendants basically neglected me and left me for dead while I was in their care.

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

- [x] Yes
- [ ] No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Riverbend Maximum Security Institution

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

- [x] Yes
- [ ] No
- [ ] Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

- [ ] Yes
- [x] No
- [ ] Do not know

If yes, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

- [x] Yes
- [ ] No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

- [ ] Yes
- [ ] No

N/A

E. If you did file a grievance:

1. Where did you file the grievance?

Riverbend Maximum Security Institution

2. What did you claim in your grievance?

The named staff Refused to provide me medical mental health services

3. What was the result, if any?

My grievance came up missing

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

N/A

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

N/A

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

My grievance came up missing. I spoke to the grievance Chairperson, Cpl. Ward and she claim that she has not seen it, despite the fact she the only person that get them out of the grievance box.

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

- [ ] Yes
- [x] No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) N/A

   Defendant(s) ______

2. Court *(if federal court, name the district; if state court, name the county and State)*

   N/A

3. Docket or index number

   N/A

4. Name of Judge assigned to your case

   N/A

5. Approximate date of filing lawsuit

   N/A

6. Is the case still pending?

   - [ ] Yes N/A
   - [ ] No

   If no, give the approximate date of disposition. ______

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   N/A

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment? NO

☐ Yes

☑ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) N/A

   Defendant(s)

2. Court *(if federal court, name the district; if state court, name the county and State)*

   N/A

3. Docket or index number

   N/A

4. Name of Judge assigned to your case

   N/A

5. Approximate date of filing lawsuit

   N/A

6. Is the case still pending?

   ☐ Yes

   ☐ No

   N/A

   If no, give the approximate date of disposition

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   N/A

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12/24/21

Signature of Plaintiff: Barry Brewer

Printed Name of Plaintiff: Barry Brewer

Prison Identification #: 401831

Prison Address: 7475 Cockrill Bend Blvd.

Nashville (City) TN (State) 37243 (Zip Code)

### B. For Attorneys

Date of signing: ____________

Signature of Attorney ____________

Printed Name of Attorney ____________

Bar Number ____________

Name of Law Firm ____________

Address ____________

City ____________ State ____________ Zip Code ____________

Telephone Number ____________

E-mail Address ____________

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| Barry Brewer<br>Plaintiff(s), | ) | Case Number 3:21-CV-00808 |
| v. | ) | Judge Trauger |
| C/o Turner, Tony Mays, Warden<br>Cpl. Barber, Tony Parker, Comm.<br>Defendant(s). | ) | Magistrate Judge ______ |

Amended Complaint For Violation of Civil Rights
(Type of Pleading)

Now comes the plaintiff, Barry Brewer, pro se, submits the foregoing amended complaint for violation of civil rights before this Honorable Court, pursuant to the Court's order filed on October 28, 2021. The plaintiff allegations and statements from his prior complaint and incorporates them herein as if set forth verbatim at this point.

The plaintiff would like to list the following people C/o Turner, Cpl. Barber, Warden Tony Mays and TDOC Commissioner Tony Parker as defendants in this case. No staff member would provide the first names of C/o Turner or Cpl. Barber. However, the plaintiff respectfully request this Honorable Court to issue a court order for the defendants to produce their video camera system for the dates and time (6/16/21 in unit 3-B-205 at

approximately 9:00 a.m and 1:00 p.m., and 6/22/21 in unit 1-B-203 at approximately 8:32 p.m.) in question. These videos will show that C/O Turner and Cpl. Barber blatantly and deliberately denied the plaintiff access to medical and mental health treatment, which clearly violates TDOC policy 113.31.

According to policy 113.31 II, the purpose of this policy is "To specify sick call times and procedures to ensure that all inmates have the opportunity to report a medical, dental, or mental health complaint and to receive diagnosis and/or treatment for their condition." Furthermore, institutional health services staff shall develop procedures for the timely assessment of non-scheduled inmate physical and mental health complaints by the qualified health care professionals. See TDOC policy 113.31 VI (B)(1). The institutional procedures for the unscheduled and emergency assessment of physical and mental health complaints shall include details of communication methods to be used by inmates and institutional employees. This procedure shall also address varying procedural differences on shifts, weekends, and holidays. See TDOC policy 113.31 VI (B)(2).

The plaintiff contends that he is a segregated inmate and each facility shall have a written procedure that addresses provisions for sick call and treatment to

all segregated inmates. (See policy 113.30) This procedure shall include qualified health care personnel announcing their presence, and ensuring access and receipt of sick call request, CR-3793, if requested, during the daily visit to each segregated inmate. Qualified health care personnel shall visit the segregation unit daily and record each visit on the segregation unit record sheet, CR-2857-1 or the CR-2857-2, for each inmate in segregation. See TDOC policy 113.31 VI (E)(1). The qualified health care professional responsible for conducting sick call shall record fully in the inmate health record all complaints and dispositions, using the procedure described in Section (D) of this policy. See TDOC policy 113.31 VI (E)(2).

Moreover, an encounter logbook shall be maintained to record all daily sick call assessment encounters, as well as scheduled, non-scheduled, and emergency visits provided by health care professionals. See TDOC policy 113.31 VI (F)(1). The encounter log record shall include the date, time, and location of the clinic visit; inmate name and TDOC number; type of visit, emergent or non-emergent treatment and/or diagnostic services provided, type of referral, and the name and professional title (MD, PA-C, RN) of the qualified health care provider. See TDOC policy 113.31 VI (F)

(2). Review of the plaintiff's institutional medical record and/or the clinic encounter log will show that he was not seen or treated by any health care professional on the dates in question.

The plaintiff's suicide attempt and/or request for mental health services was intentionally ignored by both C/o Turner and Cpl. Barber, whom is employeed by Warden Tony Mays and Commissioner Tony Parker. The lack of understanding and sympathy in regards to the plaintiff's physical injuries and mental state was **neglectful** and **reckless** on their behalf. When they denied him medical treatment and failed to notify mental health personnel, they violated the eighth amendment of the United States Constitution - cruel and unusual punishment.

The Supreme Court first examined eighth amendment limitation upon the states' treatment of incarcerated offenders in Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed 2d 251 (1976). In that case the Court held that "deliberate indifference to serious medical needs of prisoners constitues the 'unnecessary and wanton infliction of pain,' proscribed by the eighth amendment." Id., 429 U.S. at 104, 97 S. Ct. at 291, 50 L. Ed. 2d at 260 (citation omitted). In arriving at that conclusion, the Court noted: The amendment proscribes

more than physical barbarous punishment.... the amendment embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency...." against which we must evaluate penal measures. Thus, we held repugnant to the eighth amendment punishments which are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." Id., 429 U.S. at 102-03, 97 S. Ct. at 290, 50 L. Ed. at 259. That language represents perhaps the highest standard ever articulated by the Supreme Court for evaluating claims of cruel and unusual punishment. See Grubbs V. Bradley, 552 F. Supp. 1052 (1982).

Furthermore, the Court held that the denial of medical care is cruel and unusual because, in the worst case, it can result in physical torture, and even in less serious cases, it can result in pain without any penological purpose. See Estelle V. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). In Hutto V. Finney, supra, the conditions of confinement in two Arkansas prisons constituted cruel and unusual punishment because they resulted in unquestioned and serious deprivations of basic human needs. Conditions other than those in Gamble

and Hutto, alone or in combination, may deprive inmates of the minimal civilized measure of life's necessities. Such conditions could be cruel and unusual under the contemporary standard of decency that we recognized in Gamble. See Grubbs V. Bradley, 552 F. Supp. 1052 (1982).

The eighth amendment clearly requires states to furnish its inmates with "reasonably adequate food, clothing, shelter, sanitation, medical care, and personal safety." See Newman V. Alabama, 559 F. 2d 283, 291 (5th Cir. 1977). Those areas are generally considered as the "core" areas entitled to eighth amendment protections. They are the basic necessities of civilized life, and are, during lawful incarceration for conviction of a crime, wholly controlled by prison officials. Inmates must necessarily rely upon prison officials and staff to ensure that those basic necessities are met. See Grubbs V. Bradley, 552 F. Supp. 1052 (1982).

Moreover, medical care must be reasonably sufficient to prevent needless human suffering, and prison officials may not exhibit "deliberate indifference to serious medical needs of prisoners." Id. at 260. When, as here, the entire system of health care is challenged, deliberate indifference to inmates' health needs may

be shown by proving repeated examples of negligent acts, which disclose a pattern of conduct by the prison medical staff, or by proving there are such systemic and gross deficiencies in staffing, facilities, equipment, or procedures that the inmate population is effectively denied access to adequate medical care. See Ramos, supra, at 575. Stated otherwise, the health care system is constitutionally inadequate if staffing, equipment or facilities "are so wholly inadequate that suffering would be inevitable." See Bishop V. Stoneman, 508 F. 2d 1224, 1226 (2nd Cir. 1974) and Laaman V. Helgeman, 437 F. Supp. 269, 312 (D.N.H 1977).

The requirement that the state furnish health care, includes necessary dental services. See Clifton V. Robinson, 500 F. Supp. 30, 35 (E.D. Pa 1980). In addition, inmates must be provided with medically necessary mental health treatment. See Woodall V. Foti, 648 F. 2d 268, 272 (5th Cir. 1981), Ramos, supra, at 578, and Bowring V. Godwin, 551 F. 2d 44 (4th Cir. 1977). The failure of TDOC to employ sufficient qualified personnel in the face of repeated admonitions and recommendations from both inside and outside the department demonstrates such deliberate indifference to and

wanton disregard of the serious medical needs of inmates as to amount to cruel and inhumane punishment. See Grubbs v. Bradley, 552 F. Supp. 1052 (1982).

Barry Brewer
(Signature)

Barry Brewer # 401831
(Print Name)

RMSI

7475 Cockrill Bend Blvd.

Nashville, TN 37243
(Address & Telephone Number, if any)

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the (pleading)______________________________________
has been served on:

(Name) ______________________________________________
(Address) ______________________________________________
(Address) ______________________________________________

(Name) ______________________________________________
(Address) ______________________________________________
(Address) ______________________________________________

(Name) ______________________________________________
(Address) ______________________________________________
(Address) ______________________________________________

(Name) ______________________________________________
(Address) ______________________________________________
(Address) ______________________________________________

(Name) ______________________________________________
(Address) ______________________________________________
(Address) ______________________________________________

(Name) ______________________________________________
(Address) ______________________________________________
(Address) ______________________________________________

(Name) ______________________________________________
(Address) ______________________________________________
(Address) ______________________________________________

(Name) ______________________________________________
(Address) ______________________________________________
(Address) ______________________________________________

(Name) ______________________________________________
(Address) ______________________________________________
(Address) ______________________________________________

on the ________day of ________________________________, 20____.

______________________________________
Signature

Barry Brewer #401851
R.M.S.I.
7475 Cockrill Bend Blvd
Nashville, Tenn
37243




RECEIVED
DEC 13 2021
RMSI MAILROOM
OUTGOING LEGAL

Legal Mail

Clerk U.S. District Court
U.S. CourtHouse Rm. 800
Nashville, Tenn
37203

Riverbend Maximum Security
Inspected
DEC 16 2021