UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BARRY BREWER #401831, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:21-cv-00808 ) Judge Trauger |
| R.M.S.I., et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM

Barry Brewer, a pro so inmate at Riverbend Maximum Security Institution (RMSI) in Nashville, Tennessee, filed an amended complaint under 42 U.S.C. § 1983 (Doc. No. 9) and an application to proceed as a pauper. (Doc. No. 11.) The amended complaint is before the court for initial review under the Prison Litigation Reform Act.

**I.    Application to Proceed as a Pauper**

The court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). The plaintiff's most recent application to proceed as a pauper reflects that he cannot pay the full filing fee in advance without undue hardship. (Doc. No. 11-1 at 4 (listing the plaintiff's most recent balance as $412.11).) Accordingly, this application (Doc. No. 11) will be granted, and the plaintiff's previous applications (Doc. Nos. 2, 8) will be denied as moot. The $350.00 filing fee will be assessed in the accompanying order. 28 U.S.C. § 1915(b).

**II.   Initial Review**

The court must dismiss this action if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c)(1). The court must also liberally construe pro

se pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### A. Allegations

This action concerns events alleged to have occurred at RMSI in June 2021. (Doc. No. 9 at 4.) The plaintiff alleges that, on June 16, he attempted suicide by cutting his wrists five times in front of Correctional Officer Turner. (*Id.* at 5.) The plaintiff describes the cuts as "severe." (*Id.*) Turner laughed, walked away, and did not report the incident. (*Id.*) On June 22, the plaintiff asked Corporal Barber to contact a mental health provider because he was having suicidal thoughts, and Barber did not do so. (*Id.*) The plaintiff alleges that the Tennessee Department of Correction (TDOC) does not "employ sufficient qualified [medical] personnel in the face of repeated admonitions and recommendations from both inside and outside the department." (*Id.* at 18.)

The plaintiff brings this action against Officer Turner, Corporal Barber, RMSI Warden Tony Mays, and TDOC Commissioner Tony Parker. (*Id.* at 2–3.) The plaintiff requests monetary damages and "time served on [his] sentence." (*Id.* at 5.)

### B. Legal Standard

To determine if the plaintiff fails to state a claim for the purpose of initial review, the court applies the Rule 12(b)(6) standard. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

2

C.  Analysis

"There are two elements to a [Section] 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citation omitted).

1.  **Officer Turner**

The plaintiff alleges that Officer Turner laughed and walked away after the plaintiff attempted suicide by cutting his wrists. The Eighth Amendment "is violated when prison doctors or officials are deliberately indifferent to [a] prisoner's serious medical needs." *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (quoting *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). "A constitutional claim for deliberate indifference contains both an objective and a subjective component. The objective component requires a plaintiff to show the existence of a 'sufficiently serious' medical need." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "[A] prisoner's psychological needs may constitute serious medical needs, especially when they result in suicidal tendencies." *Richmond*, 885 F.3d at 938 (internal citations and quotation marks omitted). "The subjective component, in contrast, requires a plaintiff to 'allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.'" *Dominguez*, 555 F.3d at 550 (quoting *Comstock*, 273 F.3d at 703).

Here, accepting the plaintiff's allegations as true, the plaintiff states two distinct deliberate indifference claims against Officer Turner. First, for the purpose of initial review, it is plausible that the alleged "severe" cuts on the plaintiff's wrists were objectively sufficiently serious. *See*

*Richmond*, 885 F.3d at 938 (internal citations and quotation marks omitted) ("[A] medical need is objectively serious if it is . . . one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."). Second, the plaintiff's psychological needs were also objectively sufficiently serious, as they resulted in self-harm. And by alleging that Officer Turner witnessed the plaintiff inflict this self-harm before laughing and walking away, the plaintiff alleges that Turner was aware of and deliberately disregarded the plaintiff's serious medical needs. Accordingly, as to Officer Turner, the plaintiff states one claim for deliberate indifference to his physical needs, and another claim for deliberate indifference to his psychological needs.

## 2. Corporal Barber

The plaintiff also alleges that Corporal Barber refused his request for mental health services when the plaintiff was having suicidal thoughts six days after attempting suicide attempt in front of Officer Turner. Again accepting the plaintiff's allegations as true, the plaintiff states a claim against Barber for deliberate indifference to serious psychological needs. As stated above, the plaintiff's psychological needs were objectively sufficiently serious. And by alleging that Barber refused a request for mental health care to address the plaintiff's suicidal thoughts, the court can reasonably infer that Barber was aware of and deliberately disregarded the plaintiff's psychological needs.

The court notes that, unlike with Officer Turner, the plaintiff does not state a separate claim against Corporal Barber for deliberate indifference to his wrist injuries.[1] Objectively, the plaintiff does not explain the state of his wrist injuries on June 22, and the court cannot speculate that they

---

[1] The court also notes the plaintiff's allegations that the actions of Officer Turner and Corporal Barber violated TDOC policy. (Doc. No. 9 at 13–15.) To the extent that the plaintiff is asserting Section 1983 claims based solely on the failure to follow prison policies, however, those claims will be dismissed. *See Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)) ("Failing to follow proper procedures is insufficient to establish an infringement of a liberty interest.").

were so obvious that Barber would have recognize the need for a doctor to address them. Subjectively, the plaintiff does not allege that he requested treatment for his physical ailments from Barber, so the court cannot infer that Barber knew of and disregarded his wrist injuries.

### 3. Warden Mays and Commissioner Parker

The plaintiff names Warden Mays and Commissioner Parker as defendants because they employ Officer Turner and Corporal Barber. (Doc. No. 9 at 15.) However, "Section 1983 liability must be premised on more than . . . the right to control one's employees." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "A supervisory official's failure to supervise, control or train [an] offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Jones v. Clark Cnty., Ky.*, 959 F.3d 748, 761 (6th Cir. 2020) (quoting *Shehee*, 199 F.3d at 300). Here, Plaintiff does not allege that Warden Mays or Commissioner Parker directly participated in any specific instances of unconstitutional conduct. Even under the liberal standards for pro se pleadings, that is insufficient to state a claim. *See Gilmore v. Corr. Corp. of. Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978)) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under [Section] 1983."). Accordingly, Mays and Parker will be dismissed as parties.

### 4. Official Capacity Claims

The plaintiff brings this action against the defendants in their individual and official capacities. (Doc. No. 9 at 2–3.) The individual-capacity claims have been addressed above. Official-capacity claims are equivalent to claims against the entity that a defendant represents. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165

5

(1985)) ("[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent."). Here, all four defendants represent the TDOC (Doc. No. 9 at 2–3), so the plaintiff's official-capacity claims are equivalent to claims against the TDOC.

The TDOC is an "agenc[y] of the state of Tennessee" that is "entitled to Eleventh Amendment immunity from suit for damages." *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 454 (6th Cir. 2012) (internal citations omitted). Thus, the plaintiff's request for monetary damages from the defendants in their official capacities will be dismissed.

The plaintiff's only other request for relief is "time served on [his] sentence." However, a prisoner cannot obtain "'immediate'" or "'speedier release from [] imprisonment'" through a Section 1983 case; instead, he "must pursue [that] relief through a writ of habeas corpus." *See Wershe v. Combs*, 763 F.3d 500, 504 (6th Cir. 2014) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Accordingly, the plaintiff's request for time served will be dismissed. And because the plaintiff cannot obtain any of his requested relief from the defendants in their official capacities, the official-capacity claims will be dismissed as well.

### 5. Request for Video

Finally, the court notes the plaintiff's request for a court order directing the defendants to produce videos from RMSI's surveillance system capturing the alleged events underlying this action. (Doc. No. 9 at 12–13 (requesting video for "6/16/21 in unit 3-B-205 at approximately 9:00 a.m. and 1:00 p.m., and 6/22/21 in unit 1-B-203 at approximately 8:32 p.m.").) However, it is not the court's role to issue orders regarding the production of evidence at this stage in the case. Rather, as a general matter, discovery requests are served upon an opposing party and do not require a motion to be filed before serving the request. *See* Fed. R. Civ. P. 34(a). Accordingly, the plaintiff's request for a court order to produce video footage is misplaced.

## III. Conclusion

For these reasons, the court concludes that the plaintiff states claims for deliberate indifference to serious medical needs against Officer Turner, as it relates to the plaintiff's physical and psychological needs, and against Corporal Barber, as it relates to the plaintiff's psychological needs only. These claims will be referred to the Magistrate Judge for further development consistent with the accompanying order, and all other claims and defendants will be dismissed. The plaintiff's request for time served will be dismissed as well.

_____
ALETA A. TRAUGER
United States District Judge