UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BARRY BREWER,<br><br>    Plaintiff,<br><br>v.<br><br>R.M.S.I. et al.,<br><br>    Defendants. | Case No. 3:21-cv-00808<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable Aleta A. Trauger, District Judge

### REPORT AND RECOMMENDATION

On April 18, 2023, the Court found that pro se and *in forma pauperis* Plaintiff Barry Brewer had not responded to Defendants Corporal Marquise Barber and Correctional Officer Christopher Turner's motions to compel Brewer to respond to their written discovery requests (Doc. No. 43), to deem their requests for admission admitted (Doc. No. 45), for summary judgment (Doc. No. 47), and to dismiss this action under Federal Rule of Civil Procedure 41(b) for Brewer's lack of prosecution (Doc. No. 51). (Doc. No. 54.) The Court therefore ordered Brewer to show cause by May 9, 2023, why the Magistrate Judge should not recommend that this action be dismissed under Rule 41(b) for Brewer's failure to prosecute his claims. (Doc. No. 54.) The docket reflects that Brewer has not responded to the Court's order to show cause. In fact, it appears that Brewer has not made any filings in this matter since October 2022, when he sent a letter to the Clerk of Court asking for file-stamped copies of "all th[e] legal work" in his case. (Doc. No. 37.)

For the reasons that follow, the Magistrate Judge will recommend that the Court grant Barber and Turner's motion to dismiss and find moot Barber and Turner's discovery motions and motion for summary judgment.

I. **Factual and Procedural Background**

This action arises out of Brewer's incarceration at Riverbend Maximum Security Institution in Nashville, Tennessee. (Doc. No. 9.) Brewer alleges that Turner witnessed him attempt suicide and laughed, walked away, and did not report the incident. Brewer alleges that, soon after, he asked Barber to contact a mental health provider to assist him because he was having suicidal thoughts and Barber did not do so. (*Id.*) The Court granted Brewer's motion to proceed *in forma pauperis*, screened his amended complaint under 28 U.S.C §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e, and found that Brewer had stated nonfrivolous Eighth Amendment claims for deliberate indifference to his serious medical needs against Barber and Taylor in their individual capacities. (Doc. Nos. 12, 13.) The Court allowed those claims to proceed and dismissed all other claims and defendants included in Brewer's amended complaint for failure to state a claim on which relief can be granted. (Doc. Nos. 12, 13.)

Barber and Turner appeared and answered Brewer's amended complaint (Doc. Nos. 22, 25), and the Court entered a scheduling order governing discovery and the filing of dispositive motions (Doc. No. 26).

On December 13, 2022, Barber and Turner filed a motion to compel Brewer to respond to their written discovery requests (Doc. No. 43) and a motion to deem their requests for admission to be admitted for Brewer's failure to respond (Doc. No. 45). Barber and Turner state that they served written discovery requests and requests for admission on Brewer on October 13, 2022, and that Brewer did not respond. (Doc. Nos. 44, 46.) Brewer has not responded to Barber and Turner's discovery motions.

Barber and Turner filed a motion for summary judgment on January 13, 2023, and certified that they served Brewer with a copy of the motion by mail on January 17, 2023. (Doc. No. 47.) The Court reminded Brewer that, under the scheduling order, any response in opposition to Barber and Turner's summary judgment motion was due within twenty-eight days of service and warned him "that failure to respond to the motion for summary judgment in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules may result in a recommendation that this motion be granted as unopposed or the action be dismissed for failure to prosecute." (Doc. No. 50.) More than 120 days have passed since Barber and Turner served Brewer with their motion for summary judgment, and Brewer has not filed any response in opposition.

On February 21, 2023, Barber and Turner filed a motion to dismiss this action under Rule 41(b) for Brewer's failure to prosecute his claims or, in the alternative, to grant their motion for summary judgment. (Doc. No. 51.) Brewer did not respond to Barber and Turner's motion.

On April 18, 2023, the Court ordered Brewer to show cause by May 9, 2023, why his claims should not be dismissed under Rule 41(b) for his failure to prosecute them. (Doc. No. 54.) Brewer has not responded to the Court's order to show cause.

**II.     Legal Standard**

Federal Rule of Civil Procedure 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) ("Rule 41(b) . . . confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court.") Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "'substantial

discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

III.   Analysis

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Brewer.

### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). There is no indication that bad faith motivated Brewer's failure to respond to Barber and Turner's motion to compel Brewer's written discovery responses (Doc. No. 43), motion to deem their requests for admission admitted (Doc. No. 45), motion for summary judgment (Doc. No. 47), or motion to dismiss (Doc. No. 51); there is also no indication that bad faith motivated his failure to respond to the Court's order to show cause (Doc. No. 54). However, because the Court warned Brewer that failure to respond to the motion for summary judgment or the order to show cause could result in dismissal of his action (Doc. Nos. 26, 50, 54), these failures show willfulness or fault for the purposes of Rule 41(b) and "tip[ ] the scale in favor of dismissal on the first factor," *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Walker v. Stewart Cnty.*, No. 3:18-cv-00618, 2019 WL 6501549, at *2 (M.D. Tenn. Oct. 11, 2019) (finding that plaintiff's failure to respond to defendant's motion for summary judgment and Court's show-cause order reflected willfulness and fault for purposes of Rule 41(b)), *report and recommendation adopted*, 2019 WL 6493912 (M.D. Tenn. Dec. 3, 2019). This factor therefore weighs in favor of dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*,

*Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, Brewer's refusal to participate in discovery forced Barber and Turner to spend time, money, and effort pursuing Brewer's cooperation. Barber and Turner were also forced to file a motion to compel Brewer's written discovery responses (Doc. No. 43) and a motion to deem admitted the subject matter of each of their requests for admission (Doc. No. 45) after Brewer failed to provide timely responses to their requests. The Court therefore finds that Barber and Turner have been prejudiced by Brewer's conduct and that the second factor weighs in favor of dismissal. *See Carpenter*, 723 F.3d at 707; *Harmon*, 110 F.3d at 368.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). The Court warned Brewer that failure to respond to Barber and Turner's motion for summary judgment and failure to respond to the Court's order to show cause could jeopardize his

prosecution of this action and result in a recommendation that his claims be dismissed. (Doc. Nos. 26, 50, 54.) This factor weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here even though Barber and Turner have filed a motion for summary judgment. *See Thomas-Wilson v. Green Tree Servicing LLC*, No. 3:14-cv-01968, 2016 WL 4775738, at *1 (M.D. Tenn. Jan. 15, 2016) (dismissing pro se plaintiff's claims without prejudice for failure to prosecute and finding defendants' pending motion for summary judgment moot). Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

### IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that Barber and Turner's motion to dismiss for failure to prosecute (Doc. No. 51) be GRANTED, that this action be DISMISSED WITHOUT PREJUDICE under Rule 41(b), and that Barber and Turner's motion to compel Brewer's written discovery responses (Doc. No. 43), motion to deem Barber and Turner's requests for admission to be admitted (Doc. No. 45), and motion for summary judgment (Doc. No. 47) be FOUND MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided.

7

Case 3:21-cv-00808 Document 55 Filed 05/25/23 Page 7 of 8 PageID #: 320

*Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

      Entered this 25th day of May, 2023.

                                                              _____
                                                              ALISTAIR E. NEWBERN
                                                              United States Magistrate Judge